Matter of McKinney (2019 NY Slip Op 03525)





Matter of Mckinney


2019 NY Slip Op 03525


Decided on May 3, 2019


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ. (Filed May 3, 2019.)


&em;

[*1]MATTER OF JAMIE-LOU MCKINNEY, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 11, 1990, and she maintains an office in Syracuse. In January 2019, the Grievance Committee filed a petition against respondent asserting four charges of professional misconduct, including representing a client in a matter involving differing interests and mishandling funds received incident to her practice of law. Before respondent filed an answer to the petition, the parties filed with this Court a joint motion for an order imposing discipline by consent wherein respondent conditionally admits the factual allegations and disciplinary rule violations set forth in the petition. The parties request that this Court enter a final order suspending respondent for a period of two years.
With respect to charge one, respondent conditionally admits that, in January 2015, she agreed to rent an apartment to a client whose rent was paid by a rent subsidy program. Respondent admits that, in July 2015, the client was terminated from the rent subsidy program, and respondent thereafter allowed the client to continue to occupy the apartment without a written lease or an agreement regarding payment of rent. Respondent further admits that, between January and July 2015, she extended to the client loans in the total amount of $1,960, the proceeds of which were not used to pay court costs or expenses of litigation. Respondent also admits that those loans were not reduced to writing. Respondent admits that, in May 2016, she simultaneously acted as real estate agent and attorney for the client in relation to a real property transaction pursuant to which respondent received both realtor commissions and attorney's fees.
With respect to charge two, respondent conditionally admits that, in March 2017, she deposited into her trust account funds in the amount of $1,535, which she received in relation to her representation of the seller in a real estate transaction. Respondent admits that, although $1,000 of those funds had been earmarked to satisfy outstanding liens on the property, she did not take action to determine whether any such liens existed until December 2017, after which she remitted the funds to the client because the property was not subject to any outstanding liens. Respondent admits, however, that she inadvertently paid to the client excess funds in the amount of $535, thereby misappropriating funds of other clients that were on deposit in her trust account. Respondent admits that, when she later learned that she had overpaid the client, she used her own funds to replenish her trust account, thereby commingling personal funds with client funds.
With respect to charge three, respondent conditionally admits that, from 2015 through 2017, she deposited personal funds into her trust account, made cash withdrawals from the account, and disbursed funds from the account on behalf of clients before she deposited funds belonging to those clients. Respondent additionally admits that she disbursed funds from her trust account on behalf of certain individuals in excess of the funds that she had received from those individuals such that, by the end of 2017, her trust account was overdrawn by $2,838.53.
With respect to charge four, respondent conditionally admits that, from 2015 through 2017, she allowed three individuals, two of whom were not clients, to evade creditors by using respondent's trust account to receive and disburse their personal funds. Respondent also admits that she received from another individual three checks with a total amount of $475, which were payable to a trust fund that had been established for the benefit of a minor. Respondent admits that, in January 2016, she deposited the checks into her trust account and issued a trust account check in the amount of $475, payable to the individual, rather than the trust fund.
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after the Grievance Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must [*2]include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and the specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court declines to impose the sanction requested by the parties or otherwise denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent's admissions establish that she has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.2 (d)—counseling or assisting a client to engage in conduct that the lawyer knows is illegal or fraudulent;
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.7 (a) (1) and (2)—representing a client in a matter in which a reasonable lawyer would conclude that the representation involves the lawyer representing differing interests, or that there will be a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests, without obtaining from each affected client informed consent, confirmed in writing;
rule 1.8 (a)—entering into a business transaction with a client wherein the lawyer and client have differing interests and the client expects the lawyer to exercise professional judgment for the protection of the client;
rule 1.15 (a)—misappropriating funds belonging to another person that were received incident to her practice of law and commingling such funds with her own funds;
rule 1.15 (e)—making withdrawals from her trust account using a method other than check payable to a named payee or bank transfer with prior written approval of the party entitled to the proceeds;
rule 8.4 (b)—engaging in illegal conduct that adversely reflects on her honesty, trustworthiness, or fitness as a lawyer;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on her fitness as a lawyer.
In imposing the sanction requested by the parties, we have considered the nature of respondent's admitted misconduct, which involved several client matters and occurred over an extended period of time. We have also considered, however, the matters in mitigation submitted by respondent, including her statement that none of the funds at issue in this proceeding was converted to her own use and that she has closed her trust account and disbursed all funds to the parties entitled thereto. We have also considered her statement that, during the relevant time period, she regularly volunteered with various community service organizations to provide free and low-cost professional and other services to those in need. Accordingly, we conclude that respondent should be suspended for a period of two years and until further order of the Court.